IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RASHAD SHERIFE OLIPHANT,
    Plaintiff,

vs.                                                Case No.: 5:13cv5/SPM/CJK

GEO, et al.,
    Defendants.
_____

ORDER and
<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate proceeding *pro se*, commenced this action on January 2, 2013, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). He did not submit any money for the filing fee at the time he submitted his complaint. Plaintiff makes several claims against the defendants in his complaint, all relating in part back to the middle of 2008. Plaintiff first claims that in the middle of 2008, he slipped in a prison shower and injured his thigh, groin, and hip area. (Doc. 1, p. 8). Over the next year, plaintiff met with various doctors to evaluate the extent of his alleged injuries and to determine a recommended course of treatment. (Doc. 1, pp. 9-10). Plaintiff claims that over the proceeding years, he was denied necessary and required medical procedures, and that the only treatment he was given was ibuprofen as a pain mitigator. (Doc. 1, pp. 11-12). Plaintiff also posits that he was repeatedly denied a needed MRI and possible

hip replacement surgery. (Doc. 1, pp. 13-14). Plaintiff states that he continued to request hip replacement surgery over the past few years and the failure to receive such surgery has "affect[ed] [sic] his daily living." (Doc. 1, pp. 14). Summing up his allegations, plaintiff claims that the defendants "only provided plaintiff ibuprofen, tylenol, naproxen, and one shot in the hip given on 9/13/12 . . . . Defendant's [sic] has breached a duty owed to plaintiff, and their acts or omissions is evidence of deliberate indifference to serious medical needs of plaintiff." (Doc. 1, p. 19).

Plaintiff has a history of filing frivolous suits in the Northern District of Florida ("Northern District"), and recently had a prior filing dismissed for violation of the three strikes rule. *See Oliphant v. Ellis, et al.*, Case No. 5:12cv343/MP/CJK. Recognizing the likely dismissal of his case, plaintiff filed a notice informing the court of his three strikes and claiming that the instant case is not subject to dismissal because his allegations demonstrate a serious medical need imposing imminent danger. (Doc. 3). Before discussing the merits of his argument, this court notes that plaintiff's prison-generated lawsuits have been dismissed by judges of the Middle District of Florida ("Middle District") and Western District of North Carolina ("Western District") as frivolous, malicious, or failing to state a claim upon which relief may be granted.[1] This court and the Middle District have previously dismissed plaintiff's cases because he is a "three striker." *See* Doc. 11 in Case No. 5:12cv343/MP/CJK; *see also* Doc. 14 in Case No. 5:10cv135/RS/AK; Doc. 4 in Case No. 3:06cv253/HLA/HTS.

Turning back to the instant claims, in his notice, plaintiff argues that *McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002), holds that an inmate's complaint alleging denial of medical treatment is sufficient to show an imminent danger of serious

---

[1] Case No. 1:96-cv-129 (W.D.N.C.); Case No. 1:97-cv-214 (W.D.N.C.); Case No. 3:04-cv-1261-J-99TEM (M.D. Fla.).

*Case No: 5:12cv343/MP/CJK*

physical injury. (Doc. 3, p. 2). *McAlphin*, however, is factually distinct from the instant case. In *McAlphin*, the inmate who was subject to the three-strikes provision had an infection in his mouth, that was spreading, and delay in the dental procedure could allow the infection to infect an even greater area of his mouth. 281 F.3d at 710. Review of plaintiff's other cited law leads to similar conclusions. In fact, the hip condition at issue has previously been determined, by this court, to not be an injury posing imminent danger of serious physical injury. *See* Doc. 11 in Case No. 5:12cv343/MP/CJK (dismissing plaintiff's complaints of hip pain caused by being forced to stand in line in the cafeteria under the three-strike rule). Moreover, plaintiff's complaint stems from an injury that allegedly occurred in the middle of 2008, a fact that undercuts a claim of *imminent* danger of serious physical injury. In his notice, plaintiff claims his leg muscles have turned to "flab," he is losing strength in his leg, he has trouble washing his foot, and has difficulty sitting down to use the toilet. (Doc. 3, p. 2). Plaintiff also contends he is at "high risk for diabetes, and kidney failure from years of pain medication . . . ." (Doc. 3, p. 2). Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury.

Because he did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed. Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

Accordingly, it is ORDERED:

1. Plaintiff's leave to proceed *in forma pauperis* (doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g) and the clerk be directed to close the file.

At Pensacola, Florida this 8th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).